**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**SUSAN A. WOOD**                                                                    **PLAINTIFF**

**v.**                                                 **CIVIL ACTION NO. 1:19-cv-670-MTP**

**COMMISSIONER OF SOCIAL SECURITY**                                     **DEFENDANT**

## OPINION AND ORDER

Plaintiff Susan A. Wood brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security denying her supplemental security income. Having reviewed the parties' submissions, the record, and the applicable law, the Court finds the Commissioner's final decision should be affirmed.

## PROCEDURAL HISTORY

Plaintiff previously filed for supplemental security income, but her application was denied on March 3, 2017. ([6] at 272). Plaintiff filed another application the next day, March 4, 2017, alleging disability beginning on that day due to depression, severe migraines, problems walking, and scoliosis. ([6] at 15 and 193). After the agency denied her claim, an Administrative Law Judge ("ALJ") held a hearing, and on December 24, 2018, the ALJ issued a decision finding that Plaintiff was not disabled. ([6] at 12). Plaintiff appealed the ALJ's decision to the Appeals Council. ([6] at 5). On July 26, 2019, the Appeals Counsel denied Plaintiff's request for review, rendering the ALJ's opinion the final decision of the Commissioner. ([6] at 5). Plaintiff now seeks judicial review in this Court under 42 U.S.C. § 405(g).

1

**ADMINISTRATIVE LAW JUDGE'S DECISION**

In her December 24, 2018, decision, the ALJ applied the five-step sequential analysis found in 20 C.F.R. § 416.920(a)[1] and determined that Plaintiff was not disabled according to the Social Security Administration (SSA) definition. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 4, 2017, the date of application. ([6] at 17). At step two, the ALJ found that Plaintiff suffers from severe impairments including lumbar degenerative disc disease, migraine headaches, major depressive disorder, adjustment disorder with anxiety, depressed mood, and status post cerebrovascular accident ("CVA").[2] ([6] at 17). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. ([6] at 17). The ALJ examined the record and

---

[1] This analysis requires the ALJ to make the following determinations:
   (1) whether the claimant is presently engaging in substantial gainful activity (if so, a finding of "not disabled" is made);
   (2) whether the claimant has a severe impairment (if not, a finding of "not disabled" is made);
   (3) whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Part 404, Subpart P, Appendix 1 (if so, then the claimant is found to be disabled);
   (4) whether the impairment prevents the claimant from doing past relevant work (if not, a finding of "not disabled" is made);
   (5) whether the impairment prevents the claimant from performing any other substantial gainful activity (if so, the claimant is found to be disabled).
*See* 20 C.F.R. §§ 404.1520, 416.920. The burden of proof rests upon the claimant throughout the first four steps; if the claimant is successful in sustaining his burden through step four, the burden then shifts to the Commissioner at step five. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

[2] A cerebrovascular accident is more commonly referred to as a stroke and happens when there is a loss of blood flow to part of the brain. *See* https://medlineplus.gov/stroke.html (last visited February 5, 2021).

determined that Plaintiff had the residual functional capacity ("RFC")[3] to perform medium work as defined by 20 C.F.R. 416.967(c)[4] with the following additional limitations: occasionally climb ramps and stairs but never climb ladders, ropes, and scaffolds; occasionally balance, stoop, kneel, crouch, and crawl but never work at unprotected heights or around dangerous moving mechanical parts; avoid concentrated exposure to bright lights such as direct sunlight and spotlights and avoid concentrated exposure to pulmonary irritants. ([6] at 19).  At the fourth step, the ALJ found that Plaintiff was unable to perform any of her past relevant work. ([6] at 23). At step five, after consulting with a vocational expert ("VE"), the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform. ([6] at 24). Accordingly, the ALJ found that Plaintiff was not disabled.  ([6] at 25).

## STANDARD OF REVIEW

This Court will only review the Commissioner's denial of benefits to determine whether "(1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence."  *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).  The Commissioner's decision must be affirmed when there is substantial evidence to support the findings.  *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).

"Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion.  It is more than a mere scintilla and less than a preponderance." *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (internal quotations omitted). Conflicts in evidence are

---

[3] "Residual Functional Capacity" is defined as the most an individual can still do despite the physical and/or mental limitations that affect what the individual can do in a work setting. 20 C.F.R. §§ 404.1520(a)(4), 404.1545(a)(1).

[4] "Medium Work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 416.967.

3

the purview of the Commissioner and are not for the Court to resolve or review de novo. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). Moreover "[p]rocedural perfection in administrative proceedings is not required as long as the substantial rights of a party have not been affected." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (internal quotations and citation omitted).

## ANALYSIS

Plaintiff raises only one ground for relief: that the ALJ's finding is contrary to law and not supported by substantial evidence because the ALJ relied on her own lay interpretation of almost 500 pages of medical records instead of developing a full and fair record. ([11] at 1). Plaintiff argues that the ALJ is required to fully and fairly develop the facts before making a disability determination and alleges the ALJ's failure to have a physician review the entire record resulted in an unfairly developed and incomplete record. ([11] at 13-14).

According to *Ripley v. Chater*, "[t]he ALJ has a duty to develop the facts fully and fairly relating to an applicant's claim for disability benefits. If the ALJ does not satisfy his duty, his decision is not substantially justified. Reversal of his decision, however, is appropriate only if the applicant shows that he was prejudiced." *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In order to establish prejudice as a result of an alleged failure to fully develop the record, the claimant must show that she "could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996). The mere allegation that more evidence might have been gathered is insufficient to show prejudice. *Jones v. Astrue*, 691 F. 3d 730, 735 (5th Cir. 2012). The obligation to develop the record "is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001).

The Court finds substantial evidence in the record supports the ALJ's conclusion that the record was fully and fairly developed in order for the ALJ to make a decision about Plaintiff's disability status. The ALJ reviewed the entire record and determined that no additional information was required in order to make a decision.

*Medical Evidence Considered by ALJ in Making A Disability Determination*

In reviewing the entire record, the ALJ examined Plaintiff's medical records of her mild to moderate multilevel degenerative disc disease including treatment notes from Singing River Health System showing Plaintiff's lower back and hip pain. ([6] at 15).  On April 25, 2017, Dr. Richard Orange reviewed an x-ray of Plaintiff's back and found mild straightening of the normal lumbar lordosis, mild to moderate multilevel degenerative disc disease, and mild bone demineralization. ([6] at 352-55). On May 3, 2017, Dr. Harold Coulter found that claimant was able to walk into the exam room and get on and off the examination table without assistance. ([6] at 357). He found all range of motion measurements to be within normal limits and did not find any objective limitations during his exam. ([6] at 357).

Plaintiff 's complaint of migraines is well-documented in the medical evidence reviewed by the ALJ. In January 2017, Plaintiff presented herself to Singing River Health System for a follow-up on her chronic migraines. ([6] at 793). She reported that she stayed in bed four days a week and was unable to go outside though the provider found her neurological exam to be normal and opined that Plaintiff's headaches suggested chronic migraine though her mood was suspected to play a big role. ([6] at 801-03). In April of 2018, Plaintiff was encouraged to stop smoking and control her blood pressure which are helped by fioricet which the ALJ accounted for in the assigned RFC. ([6] at 18-19). In the same examination with Dr. Coulter mentioned above, Plaintiff complained of chronic migraines and depression 24 hours a day though he found

that Plaintiff had no conditions that would impose any limitations for the next 12 continuous months. ([6] at 359).

Despite Plaintiff's allegations that her impairments and migraines prevented her from working, the ALJ noted a number of factors negated Plaintiff's statement including that Plaintiff only quit working due to a business-related layoff, a lack of aggressive treatment for Plaintiff's back, and Plaintiff's ongoing daily activities. ([6] at 22-23). Isolated comments by the claimant are insufficient, without further support, to raise a suspicion of impairment. *Pierre v. Sullivan*, 884 F.2d 799, 802-03 (5th Cir. 1989). Plaintiff failed to identify evidence the ALJ did not consider that would have altered the outcome of her case. *See Jones*, 691 F. 3d at 735.

The ALJ noted that despite Plaintiff's impairments, she has maintained a somewhat normal level of daily activity and interaction including managing personal hygiene on her own, driving to appointments, and visiting with a friend. ([6] at 22). She found that Plaintiff's statements about the intensity, persistence, and limiting effects of the alleged symptoms from the impairments are not consistent with the medical evidence in the file or that support any limitation beyond the limitation to medium work. ([6] at 22). As substantial evidence exists in the record to support this finding, the Court must uphold the ALJ's decision.

*Dr. Coulter's Findings*

Plaintiff argues that while the ALJ alleged to give "great weight" the medical consultant Dr. Coulter's findings, she found Plaintiff greater limitations beyond those assessed by Dr. Coulter. ([6] at 23). Although not a direct adoption of Dr. Coulter's assessment, the ALJ modified Dr. Coulter's assessment to Plaintiff's benefit by providing a more restrictive RFC tailored to Plaintiff's limitations. ([6] at 19-25).

As in the instant case, the Fifth Circuit in *Barrett v. Barnhill* concluded that it was appropriate for the ALJ to conclude that claimant had greater limitations than the medical consultant suggested. *Barrett*, 906 F.3d at 343. Dr. Coulter's assessment occurred before Plaintiff experienced the CVA, so the ALJ also included in her review of the entire record treatment notes from after Plaintiff's CVA including physical therapy notes from Singing River Health System. ([6] at 19-20). These notes stated that while immediately after the incident Plaintiff felt like she was veering to the left when walking, she exhibited a significant improvement with physical therapy and continued to improve and recover. ([6] at 19-20). This information along with Dr. Coulter's assessment, all of which was considered by the ALJ, is substantial evidence to support the ALJ's findings.

*Prejudice Incurred by Plaintiff*

Substantial evidence exists in the medical records considered to support the ALJ's findings. However, Plaintiff alleges prejudice occurred due to a lack of review of the entire record by a physician. The Fifth Circuit has rejected this argument, finding that the mere assertion that a medical professional should have reviewed the record alone is insufficient to establish prejudice. *See Jones*, 691 F. 3d at 735.

Plaintiff alleges there is no "logical bridge" between the ALJ's statements and her findings and, therefore, the only conclusion is that she relied on her own lay opinion. ([11] at 21). The record reflects otherwise. As discussed above, the ALJ considered both the clinical evidence as well as statements made by Plaintiff to determine that the medical records did not support Plaintiff's alleged inability to work. ([6] at 22). She noted that despite Plaintiff's impairments, she has maintained a "somewhat normal level of daily activity and interaction." ([6] at 22). The ALJ remarked "[s]ome of the physical and mental abilities and social interactions

7

[Plaintiff used in her daily activities] are the same as those necessary for obtaining and maintaining employment." ([6] at 22). These observations based on the medical evidence presented is again supported by substantial evidence in the record.

*Lack of Additional Consultative Report*

Plaintiff asserts that the ALJ failed in developing a full and fair record by not requesting an additional consultative report. ([13] at 3). While it is within the purview of the ALJ to request an additional consultative report, additional reports are not required where substantial evidence already exists in the record. *See Anderson v. Sullivan*, 887 F.2d 630, 634 (5th Cir. 1989). The Fifth Circuit found that a medical expert review of the entire administrative record is not required before an ALJ can render a decision. *See, e.g., Gutierrez v. Barnhart*, No. 04-11025, 2005 WL 1994289, at *7 (5th Cir. Aug. 19, 2005). In this case, the ALJ exercised her discretion and determined that no additional information was necessary in order to make a decision and substantial evidence supports this conclusion. While it is certainly true that "an ALJ may not rely on [her] own unsupported opinion as to the limitations presented by the applicant's medical conditions," the ALJ's opinion and findings are fully supported by the medical evidence provided to her and her in-person interaction with Plaintiff. ([13] at 3); *see Ripley* 67 F.3d at 557-58. The ALJ found Plaintiff's statements to be inconsistent with the medical evidence presented, and assertions by Plaintiff not supported by the medical record are insufficient to raise a suspicion of impairment. ([6] at 22). *Pierre* 884 F.2d at 802-03.

*Substantial Evidence Supports ALJ's Findings*

This Court will only disturb the ALJ's findings if they are not supported by substantial evidence. The United States Supreme Court recently held that "[u]nder the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains

sufficient evidence to support the agency's factual determinations… [a]nd whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotations and citations omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion.  It is more than a mere scintilla and less than a preponderance." *Ripley*, 67 F.3d at 555 (internal quotations omitted). As demonstrated by the ALJ's review of the medical records and Plaintiff's testimony, substantial evidence exists in the record to support ALJ's decision. The Court, therefore, affirms the Commissioner's opinion.

## CONCLUSION

Based on the foregoing, the Court finds that the Commissioner's decision is supported by substantial evidence and that no reversible errors of law were committed by the ALJ.

IT IS THEREFORE, ORDERED that:

1. The Commissioner's final decision is AFFIRMED.

2. This action is DISMISSED with prejudice.

3. A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

SO ORDERED this the 5th day of February, 2021.

s/Michael T. Parker
United States Magistrate Judge
